UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/05/2023

Aspen American Insurance Company,

                Plaintiff,

      - against -

Dual Commercial LLC,

                Defendant.
--------------------------------------------------------------- x

Case No.: 1:23-cv-03542-VEC

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED pursuant to Rules 26 and 29 of the Federal Rules of Civil Procedure, that:

1. This Confidentiality Stipulation and Protective Order ("Order") governs the handling of documents, testimony, and other information, including all copies, excerpts, and summaries thereof, produced, given, presented, or filed during discovery, hearing, trial, and other proceedings in this action (collectively "Confidential Material") designated "CONFIDENTIAL" for purposes of this Order.

2. Confidential Material shall include trade secrets, non-public research and development, commercial or financial information, or other proprietary information that may cause harm to the producing party or a non-party if revealed publicly.

3. The provisions of this Order shall apply to (i) the parties in this action and all of their employees, agents, attorneys, and representatives (collectively, a "Party" or the "Parties") and (ii) any other person producing or disclosing material in this action who agrees to be bound by the terms of this Order. As used herein, "person" includes the named parties in this action and others who have agreed to be bound by this Order.

1

4. Confidential Material shall be subject to the following restrictions:

(a) Confidential Material shall be used only for the purpose of this action (including appeals) and shall not be given, shown, made available, or communicated in any way to anyone except those persons listed in paragraph 4(b) below to whom it is necessary that such material be given or shown for the purposes permitted under this paragraph.

(b) Confidential Material may be disclosed, for the purposes set forth above, only to:

    (i) the Parties to this action and/or employees of the Parties who need access to Confidential Material;

    (ii) counsel for the Parties and employees of counsel;

    (iii) auditors, insurers, reinsurers, regulators, and counsel to the insurers and/or reinsurers of the Parties who have a need to access Confidential Material;

    (iv) the Court (including court reporters, stenographic reporters and court personnel);

    (v) experts retained by the Parties or counsel;

    (vi) outside vendors or service providers (such as copy-service providers and/or document management consultants) hired by counsel to the Parties;

    (vii) any mediator that the Parties engage in this matter;

    (ix) any other person as to whom the producing Party agrees in writing.

(c) All pleadings or other court filings (including briefs, memoranda, or exhibits) that incorporate or disclose Confidential Material shall be labeled "Documents Subject

to Protective Order" and filed under seal in accordance with the Court's rules and/or any order(s) issued by the Court and shall remain under seal until the Court orders otherwise. In accordance with Rule 5(b)(ii) of this Court's Individual Practices, any Party filing documents under seal for reasons other than Rule 5.2(a) of the Federal Rules of Civil Procedure must simultaneously file with the Court a letter motion requesting permission to do so. The letter motion must also explain why sealing is appropriate in light of the presumption of access discussed in the Second Circuit's decision in <u>Lugosh v Pyramid Co of Onondaga,</u> 435 F.3d 110 (2d Cir. 2006). The letter motion must also indicate whether the opposing party consents to the proposed sealing or redaction. If a request to file a redacted document is based on another party's designation of information as confidential, the parties shall confer and jointly submit the request to file the material in redacted form. Documents to be filed under seal must be filed in accordance with Rule 5(b)(iii) of this Court's Individual Practices. In filing Confidential Material with this Court, the Parties shall publicly file a redacted copy via the Electronic Case Filing System. The Parties shall serve unredacted copies to the Court and opposing counsel.

      (d)    Any disclosure of Confidential Material at trial or in any other court proceeding herein shall be made <u>in camera</u> unless the Court orders otherwise.

      (e)    Notwithstanding any of the foregoing provisions, this Order has no effect upon, and its scope shall not extend to, any Party's use of its own Confidential Material.

    5.    Each person given access to Confidential Material pursuant to the terms hereof (other than persons described in paragraphs 4(b)(ii) and 4(b)(iii) above) shall be advised that (i) the Confidential Material is being disclosed pursuant to and subject to the terms of this Order and may not be disclosed other than pursuant to the terms hereof; and (ii) that the violation of the terms of this Order (by use of the Confidential Material for business purposes or in any other

impermissible manner) may constitute contempt of a court order.

6. Confidential Material shall be designated as follows:

(a) In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" on each page of any such document prior to production.

(b) Any Party may, no later than fifteen (15) business days after receipt of a deposition transcript, designate by page and line all or any portion thereof as confidential under the terms of the Order by providing notice in writing to the other Parties. During the first fifteen (15) business days after delivery by the court reporter of a deposition transcript, it shall be deemed confidential. All copies of deposition transcripts that contain Confidential Material shall be prominently marked "CONFIDENTIAL" on the cover thereof and, if and when filed with the Clerk, shall be filed under seal.

(c) All briefs, memoranda, pleadings, or other filings with the Court that incorporate or disclose Confidential Material shall be appropriately labeled on the cover page and filed in accordance with Paragraph 4(c) above.

7. This Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this litigation, including any appeals. The obligations of the Parties under this Order shall survive the resolution of this action such that the Parties agree to maintain all Confidential Material as "CONFIDENTIAL" during the pendency of and after the conclusion of this action.

8. Any "CONFIDENTIAL" designation is subject to challenge by any party. Before filing any motions or objections to a confidentiality designation with the Court, the objecting party shall have an obligation to confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the "CONFIDENTIAL" designation as to any

documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

9. Any Party who requests additional limits on disclosure may at any time before the trial in this action serve upon counsel for the other Party a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for the Parties will address their dispute to this Court in accordance with Rule 3(b) of this Court's Individual Practices.

10. Applications to the Court for an order relating to any documents designated "CONFIDENTIAL" shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial. The party asserting the "CONFIDENTIAL" designation shall have the burden of proving that the document has been properly designated as "CONFIDENTIAL."

11. This Order applies not only to Materials to be produced by the Parties on or after the date of entry of this Order, but also to any Materials that have been previously produced by the Parties in this action. A Party desiring to designate any Materials that have been previously produced in this action as "CONFIDENITAL" should follow the procedure outlined in paragraph 6 of this Order.

12. Recipients of Confidential Materials subject to this Order may use such materials solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

13. Nothing in this Order will prevent any Party from producing any Confidential Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the producing Party as soon as reasonably practicable, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing Party deems it appropriate to do so.

14. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder, or to impose sanctions for any contempt hereof.

15. This Order shall be subject to modification by the Court on its own motion or on the motion of a party.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  __October 5, 2023_____   _____
Sabrina Haurin, admitted *pro hac vice*
BAILEY CAVALIERI LLC
10 West Broad Street, Suite 2100
Columbus, Ohio  43215-3422
Telephone: (614) 221-3155
Facsimile:  (614) 221-0479
shaurin@baileycav.com

Brian Margolies
KAUFMAN BORGEEST & RYAN LLP
200 Summit Lake Drive
Valhalla, New York  10595
Telephone: (914) 449-1010
Facsimile:  (914) 449-1100
bmargolies@kbrlaw.com

Counsel for Plaintiff Aspen American Insurance Company

Dated:  __October 5, 2023_____   */s/ Becky Baek (per email auth. on* 10/04/23)
Matthew D. Donovan
Becky (Hyun Jeong) Baek
FARRELL FRITZ, P.C.
622 Third Avenue, 37th Floor
New York, New York  10017
Telephone: (212) 687-1230
mdonovan@FarrellFritz.com
BBaek@FarrellFritz.com

Counsel for Defendant Dual Commercial LLC

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  __10/05/2023_____   _____
JUDGE VALERIE CAPRONI
United States District Judge

7